**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XI TIAN HE,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>    Respondent. | No. 07-72914<br><br>Agency No. A076-279-200<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

   Xi Tian He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we review de novo claims of due process violations, *Colemnar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

The record does not compel reversal of the agency's adverse credibility determination because He's testimony was inconsistent with his wife's declaration as to whether his wife had been forcibly sterilized, *see Wang v. INS*, 352 F.3d 1250, 1257-58 (9th Cir. 2003), and He's explanation does not compel a contrary conclusion, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

He's due process claim regarding faulty translation fails because the transcriber did not indicate he was experiencing any difficulty in translation, He's counsel was able to correct and clarify He's testimony before the IJ, *see Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir. 1994), and He failed to establish that a better translation likely would have made a difference in the outcome, *see Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir. 1993).

Finally, we lack jurisdiction to review He's CAT claim because he did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**